IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ADRIEN BRIGGS,**

    **Plaintiff,**

  **vs.**                                      **Civil Action 2:08-CV-644**
                                                    **Judge Watson**
                                                      **Magistrate Judge King**

**BOARD OF TRUSTEES COLUMBUS STATE
COMMUNITY COLLEGE,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

**A.    Background**

This case is brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(c), and 42 U.S.C. § 1983. Plaintiff Adrien Briggs alleges that defendant John Francis, plaintiff's instructor at Columbus State Community College ("CSCC"), subjected plaintiff to unwanted gender-based attention and sexual harassment while plaintiff was enrolled in Francis's class during the summer of 2007. *Complaint*, Doc. No. 1, at 2-3. Plaintiff asserts that defendant Lawrence Mayer, Francis's supervisor in the CSCC Department of Chemistry, knew that Francis had engaged in similar conduct towards other female students before the summer of 2007. *Id.* at 3-5. Plaintiff alleges that both Mayer and defendant CSCC were deliberately indifferent to the risk posed by Francis to the plaintiff, and that plaintiff suffered serious emotional distress as a result of Mayer's indifference. *Id.* Plaintiff also asserts state law claims of false imprisonment, assault and battery, and intentional/reckless infliction of severe emotional distress. *Id.* at 5-6. This matter is before the Court on plaintiff's motion to compel

discovery pursuant to Fed. R. Civ. P. 37(a). *Plaintiff's Motion to Compel,* Doc. No. 27.

Plaintiff moves to compel response to requests for production of documents by defendants CSCC and Mayer. *Plaintiff's Motion to Compel*, Doc. No. 27 ("*Motion to Compel*"). Specifically, plaintiff seeks: (1) class rosters for Francis's classes for the four years preceding the events giving rise to plaintiff's claims (Request for Production No. 3), and (2) "every document relevant to any student complaint/concern lodged against Francis" (Request for Production No. 5). *Id*. at 2. Plaintiff contends that the requested documents are necessary to establish that defendants Mayer and CSCC knew of Francis's propensity to sexually harass females. *Id.* at 2; *Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel*, Doc. No. 29 ("*Plaintiff's Reply*"), at 1. Additionally, plaintiff argues that the need for this discovery is heightened because the CSCC administration has allegedly destroyed other documents regarding Francis's behavior. *Plaintiff's Reply*, at 1. Plaintiff does not object to court-ordered limitations on the use of any of the documents at issue. *Plaintiff's Motion to Compel,* at 1.

Defendants object to plaintiff's requests on the ground that the documents are protected by the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g *et seq*. ["FERPA"]. *Memorandum in Opposition to Plaintiff's Motion to Compel*, Doc. No. 28 ("*Memorandum in Opposition*"), at 1-3. Plaintiff, however, responds that FERPA authorizes the release of student information upon court order. *Plaintiff's Motion to Compel,* at 3; *Plaintiff's Reply,* at 1. Defendants also object to the request for student complaints on the basis that it is "vague, ambiguous and overbroad." *Responses to*

*Plaintiff's First Interrogatories and Request for Documents*, Doc. No. 28-2 ("*Responses to Plaintiff's Interrogatories*"), at 4. Additionally, defendants contend that no student statements or complaints exist regarding plaintiff's case, and that accordingly none can be provided. *Id.* at 4. They qualify this response, however, by unilaterally limiting the scope of plaintiff's request in this regard to student interviews "regarding Ms. Briggs' case." *Id.*[1]

**B.   Legal Analysis**

In order to compel discovery, the plaintiff must show that her requests are relevant under Fed. R. Civ. P. 26, and that FERPA does not prohibit the requested disclosures. For the reasons discussed *infra*, the Court concludes that plaintiff's request for production of complaints regarding Francis's alleged conduct is relevant to her claim, but that her request for production of student rosters is not. Moreover, the Court concludes that FERPA, which establishes protections for personally identifying education records, does not prohibit otherwise proper discovery of student complaints against defendant Francis.

**1.   Discovery under the Federal Rules of Civil Procedure**

**a.   Overview of Rules 26 and 37**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Determining the proper scope of discovery falls within the broad discretion of the

---

[1] Plaintiff also argues that defendants base their refusal to respond to the discovery requests on a claim of privilege. *Motion to Compel*, at 2-3 (citing *Pearson v. Miller*, 211 F.3d 57 (3d Cir. 2000)). Defendants disclaim any privilege and insist that their opposition is based solely in their analysis of FERPA. *Memorandum in Opposition*, at 4. Under these circumstances, the Court will not address any claim of privilege.

3

trial court.  *Lewis v. ACB Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Rule 37 authorizes a motion to compel discovery when a party fails to provide a proper response to requests for production of documents under Rule 34.  Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

"'[T]he party resisting discovery bears the burden of establishing . . . [that the request] is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'"  *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 311 (W.D. Tenn. 2008) (quoting *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).  *See also Kammeyer v. City of Sharonville*, No. 1:01-cv-649, 2005 U.S. Dist. LEXIS 9877, at *4 (S.D. Ohio May 25, 2005) (stating that "the burden is on the objecting party to show why an interrogatory is improper").  When the requested materials include personal information of individuals who are not parties to the lawsuit, the court may require the plaintiff to show that the value of the evidence to party litigants outweighs the privacy interests of third parties.  *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999) (citing *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 516 (D. Minn. 1997)).

Plaintiff contends that her claims against defendants CSCC and Mayer depend upon access to the requested documents.  *Motion to Compel*, at 2; *Plaintiff's Reply*, at 1.  For the reasons discussed *infra*, the plaintiff makes a compelling showing of relevance with regard to student complaints, but has not persuasively argued that class rosters will provide information relevant to her claim.

4

### b. Relevance under Rule 26(b)

Discovery may relate to any matter that can be inquired into under Rule 26(b). Fed. R. Civ. P. 33, 34. Rule 26(b)(1) authorizes discovery regarding any non-privileged matter relevant to the subject matter of the pending action. Fed. R. Civ. P. 26(b)(1). *See also Miller v. Federal Express Corp.,* 186 F.R.D. 376, 383 (W.D. Tenn. 1999) ("Relevancy for discovery purposes is extremely broad."). The information sought need not be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). These discovery provisions are to be liberally construed. *Schlagenhauf v. Holder*, 379 U.S. 104, 114 (1964); *Dunn v. Midwestern Indem.,* 88 F.R.D. 191, 195 (S.D. Ohio 1980).

Plaintiff asserts that the requested class rosters and the student complaints are relevant, and in fact necessary, to establish that defendant Francis has a propensity to sexually harass females, and that the school administration, although aware of this fact, did nothing. *Plaintiff's Motion to Compel*, at 2; *Plaintiff's Reply*, at 1. Although defendants have made a partial response to plaintiff's requests, defendants have limited their response to complaints relating to plaintiff's case. *Responses to Plaintiff's Interrogatories*, at 4. The defendants also contend that the requested class rosters are not relevant to the plaintiff's case. *Memorandum in Opposition,* at 3.

Student complaints relating to defendant Francis may be relevant under the standard of Rule 26(b)(1). Complaints similar to those made by the plaintiff, if any, would support plaintiff's allegation that defendants Mayer and CSCC were aware of defendant

5

Francis's alleged misconduct because such complaints would have been available for review by his supervisors. Plaintiff does not limit her request to sexual harassment complaints, however; she demands production of records identifying students who made "any complaints against John Francis of any type." *Motion to Compel*, at 1. Although plaintiff has argued satisfactorily that other harassment complaints lodged against defendant Francis are relevant to her claims, plaintiff has not shown, for instance, how a grade dispute between defendant Francis and another student would be relevant to plaintiff's claims. Accordingly, plaintiff's request is reasonably calculated to lead to the discovery of admissible evidence only insofar as it relates to complaints of alleged sexual harassment by defendant Francis.

With the exception of a conclusory assertion that the class rosters[2] are "necessary" to her claims, plaintiff offers no evidence or even argument that the requested class rosters are relevant. It does not appear that class rosters would offer plaintiff any new or additional evidence that defendants will not produce. Student problems with defendant Francis that were not reported to CSCC would not advance plaintiff's contention that defendants CSCC and Mayer were deliberately indifferent to complaints such as that asserted by plaintiff. Plaintiff's request for the names of every student taught by Francis in the last four years is more of a fishing expedition than a legitimate discovery request, and defendants need not respond to that request.

  c. **Balancing Third-Party Privacy Interests with the Discovery Interests of Party Litigants**

---

[1]The plaintiff defines class rosters as lists that include both a student's name and contact information. *Responses to Plaintiff's Interrogatories*, at 3.

Discovery does have "'ultimate and necessary boundaries.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). When the requested documents implicate third-party privacy interests, a court may require that the requesting party make a "compelling showing of relevance" before ordering production. *Miller,* 186 F.R.D. at 384. To be compelling, "a party seeking the discovery of personnel information must demonstrate, notwithstanding the breadth of discovery, that the value of the information sought would outweigh the privacy interests of the affected individuals." *Onwuka,* 178 F.R.D. at 517.

In *Onwuka*, the plaintiff, a FedEx employee, sought discovery of the disciplinary records of other non-party FedEx workers to establish evidence of companywide discrimination. *Id.* at 515-16. The court held that the third-party personnel files, although not directly related to the plaintiff's own disciplinary proceeding, were relevant to the plaintiff's claims of discrimination and retaliation and were thus discoverable. *Id.* at 517-18. In light of the privacy interests at play, the court in that case limited discovery to only those files that were analogous to the plaintiff's claim. *Id.*

Similarly, plaintiff in this case seeks third-party complaints to establish defendant Francis's alleged propensity to harass female students. As the Court concluded *supra*, similar student complaints are relevant to plaintiff's claim that defendants CSCC and Mayer had knowledge of defendant Francis's alleged misconduct.

**2. FERPA**

### a. Overview

Having concluded that plaintiff's requests for similar student complaints are relevant to plaintiff's claims, the Court must next determine whether the documents are protected by FERPA, as defendants CSCC and Mayer contend. FERPA provides in relevant part:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information. . . .

20 U.S.C. § 1232g(b)(2) (2007). Release of otherwise protected information is permitted, however, when "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and students are notified of all such subpoenas or orders in advance of compliance therewith by the educational institution or agency." §1232g(b)(2)(B). "Thus, while FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure." *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004). Courts have interpreted FERPA, and this exception, as reflecting a Congressional intention to permit disclosure of education records where to do so will serve the health and safety of students. *See, e.g., Doe v. Woodford County Bd. of Ed.*, 213 F.3d 921, 927 (6th Cir. 2000). Considering the circumstances presented in this action, production of the documents requested by

plaintiff would serve the interests of not only plaintiff but of other students as well.

FERPA also requires certain privacy measures in connection with the lawful disclosure of information from education records or personally identifiable, non-directory information. 20 U.S.C. §§1232g(b)(1)-(2). The statute defines education records as those records that "contain information directly related to a student" and which "are maintained by an educational agency or institution." §1232g(a)(4)(A). "Personally identifiable information" is "information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. §99.3. Examples of "personally identifiable information" include social security numbers, student identification numbers, and other direct and indirect personal identifiers. *Id.* The disclosure "directory information," *i.e.,* "information contained in an education record of a student that would not generally be considered harmful or an invasion of privacy if disclosed," *id.,* is not governed by FERPA. Directory information includes a student name, address, telephone number, date of birth, field of study, record of participation in school-sanctioned activities, dates of attendance, degree program, and the student's most recent previous educational background. §1232g(a)(5)(A). The statute requires that an educational institution notify parents or the student, as appropriate, of its disclosure of a student's non-directory information. §1232g(b)(2)(B).

    **b.**     **Student Complaints (Request for Production No. 5)**

FERPA excludes from the category of protected documents those employee records "made and maintained in the normal course of business which relate exclusively to such person in that person's capacity as an employee and are not available for use for any other purpose . . . ." §1232g(a)(4)(B)(iii). The statute also excludes "records maintained by the law enforcement unit of the educational agency or institution that were created by the law enforcement unit for the purpose of law enforcement . . . ." §1232g(a)(4)(B)(ii). At least one court has held that statements by student witnesses concerning alleged misconduct by teachers are only "tangentially related" to students and are therefore not protected by FERPA. *Ellis*, 309 F. Supp. 2d at 1022 (and cases cited therein). Although plaintiff in this case seeks complaints made by other students, the records sought by plaintiff relate -- not to those students -- but to defendant Francis, an employee of defendant CSCC. Arguably, FERPA's protections do not apply to those documents. *See id.*

Defendants argue that *Ellis* is distinguishable from the instant case because *Ellis* concerned requests for the names of specific students, whereas plaintiff's request is an overly broad "fishing expedition." Defendant's argument is unpersuasive. Like the plaintiff in *Ellis,* plaintiff in this case requests the production of documents related to incidents of alleged improper conduct on the part of her professor. It does not appear, as defendants allege, that the request in *Ellis* was more narrowly tailored than plaintiff's request. In any event, this Court agrees with the conclusion reached by the court in *Ellis* that records relating directly to school employees and only indirectly to students are not "education records" within the meaning of FERPA. *See also Klein Ind. School Dist. v. Mattox,* 830

10

F.2d 536, 579 (5th Cir. 1987) ("Excluded from FERPA's protections are records relating to an individual who is employed by an educational agency or institution."). This Court concludes that the limitations on disclosure established by FERPA do not apply to plaintiff's request for the production of documents relating to all student complaints of sexual harassment by defendant Francis.

**WHEREUPON**, *Plaintiff's Motion to Compel,* Doc. No. 27, is **GRANTED in part** and **DENIED in part.** As the motion relates to plaintiff's request for production of student complaints against defendant Francis relating to claims of sexual harassment, the motion is **GRANTED.** As it relates to plaintiff's request for production of other complaints or of class rosters, the motion is **DENIED.**


July 8, 2009                             *s/Norah McCann King*
                                          Norah M[c]Cann King
                                    United States Magistrate Judge